UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

TERVIS TUMBLER COMPANY, INC.           :
                                       :
    Plaintiff,                         :
                                       :
        v.                           : Case No.:
                                       :
CNR PRODUCTS, INC.,                    :
d/b/a THREE CHEERS FOR GIRLS           :
                                       :
    Defendant.                         :

- - - - - - - - - - - - - - - - - - - - - - - - - - - -

**COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR
<u>JURY TRIAL, INJUNCTIVE RELIEF SOUGHT</u>**

Plaintiff Tervis Tumbler Company, Inc. ("Tervis"), by and through its attorneys, brings this Complaint against Defendant, CNR Products, Inc., d/b/a Three Cheers For Girls ("CNR" or "Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action brought pursuant to the Patent Laws of the United States, 35 U.S.C. §§ 271, *et seq*.

**PARTIES**

2. Plaintiff Tervis is a corporation organized under the laws of the State of Florida with its principal place of business at 201 Triple Diamond Boulevard, North Venice, Florida 34275.

3. Upon information and belief, Defendant CNR is a corporation organized under the laws of the State of New York with a principal place of business at 11 Industrial Drive, Florida, New York 10921 that does business as "Three Cheers For Girls."

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because Defendant is subject to the general and specific jurisdiction in the State of Florida. Defendant has established minimum contacts with this judicial district. Upon information and belief, Defendant is doing business in the State of Florida, including manufacturing, selling, and/or offering to sell products in this judicial district. Defendant's actions constitute patent infringement in this judicial district in violation of 35 U.S.C. § 271 and places infringing products into the stream of commerce, with the knowledge and understanding that such products are sold in this judicial district. The acts by Defendant cause injury to Tervis and have occurred within this judicial district.

6. Venue is proper in this judicial district pursuant to 24 U.S.C. §§ 1391 and 1400 and because Defendant transacts business within this judicial district and offers for sale in this judicial district products that infringe U.S. Patent No. D669,310.

## COUNT 1 – INFRINGEMENT OF U.S. PATENT NO. D669,310

7. Tervis reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

8. In March, 2011, Tervis completed its unique ornamental design for a portable beverage container. On August 30, 2011 an application for a United States Letters Patent was filed with the United States Patent and Trademark Office (USPTO) to protect this ornamental design.

9. Shortly after the application for patent was filed, Tervis began successfully marketing the portable beverage container incorporating its ornamental design.

10. On October 23, 2012 the United States Patent and Trademark Office duly and legally issued U.S. Patent No. D669,310 (the "'310 Patent" or the "patent-in-suit") entitled "Portable Beverage Container". A true and correct copy of the '310 Patent is attached hereto as Exhibit A.

11. Tervis is the owner of all right, title, and interest in the '310 Patent. Tervis has owned the '310 Patent throughout the period of Defendant's infringing acts.

12. Defendant has recently begun marketing portable beverage containers that infringe the '310 Patent (the "accused products"). A photograph of the accused products sold by Defendant is attached as Exhibit B. The product numbers for the accused products are #23125 and #23126.

13. Upon information and belief, Defendant became aware of the successful launch of the Tervis portable beverage container covered by the '310 Patent and copied the same. A copy of a Tervis portable beverage container covered by the '310 Patent is attached as Exhibit C.

14. Upon information and belief, Defendant manufactures or has manufactured for it and sells the accused products to customers.

15. Upon information and belief, Defendant had knowledge that the accused products are an infringement of the patent-in-suit and has willfully made and sold the accused products.

16. Defendant has infringed and is still infringing the '310 Patent by making, using, and selling the accused products.

17. Defendant's infringement has injured Tervis, and Tervis is entitled to recover damages adequate to compensate for such infringement, including, but not limited to, lost profits,

a reasonable royalty award, disgorgement of the profits received by Defendant, treble damages, costs, pre- and post-judgment interest at the maximum allowable rate, attorneys' fees, and such other and further relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE Tervis respectfully requests the Court to grant the following relief:

A.  A judgment that Defendant has infringed the '310 Patent;

B.  A permanent injunction prohibiting Defendant, its predecessors, successors, parents, subsidiaries, and affiliates thereof, including, but not limited to, all past or present directors, officers, agents, servants, employees, attorneys, representatives, and those persons in active concert or participation with them who receive actual notice of the Order, from committing further acts of infringement;

C.  An award of damages to Tervis, including via 35 U.S.C. § 289, an increase in damages under 28 U.S.C. § 284, together with pre-judgment interest from the date the infringement began and post-judgment interest;

D.  A declaration that Defendant has willfully infringed the claim of the '310 Patent;

E.  A finding that this case is "exceptional" within the meaning of 35 U.S.C. § 285, and an award to Tervis of its reasonable attorney fees and expenses;

F.  An award of costs to Tervis; and

G.  Such other and further relief as this Court deems proper and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by a jury on all issues so triable.

Dated:   February 29, 2016

| | |
|---|---|
| | Respectfully submitted, |
| | /s/ Douglas A. Cherry |
| OF COUNSEL | Douglas A. Cherry, Esquire |
| | Florida Bar No. 0333130 |
| Manny D. Pokotilow (PA I.D. No.13310) | dcherry@slk-law.com |
| (*pro hac vice admission anticipated*) | Shumaker, Loop & Kendrick, LLP |
| CAESAR RIVISE, PC | 240 South Pineapple Avenue |
| 1635 Market Street | 10th Floor |
| 7 Penn Center – 12th Floor | Sarasota, Florida 34236 |
| Philadelphia PA 19103-2212 | Telephone: (941) 366-6660 |
| 215-567-2010 (P) King Street | Facsimile: (941) 366-3999 |
| 215-751-1142 (F) | |
| mpokotilow@caesar.law | J. Todd Timmerman, Esquire |
| | Florida Bar No. 0956058 |
| | ttimmerman@slk-law.com |
| | Shumaker, Loop & Kendrick, LLP |
| | 101 East Kennedy Boulevard |
| | Suite 2800 |
| | Tampa, Florida 33602 |
| | Telephone No.: (813) 229-7600 |
| | Facsimile No.:  (813) 229-1660 |
| | |
| | *Attorneys for Plaintiff, Tervis Tumbler Company, Inc.* |